# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

№ 18-CV-2319 (RRM) (RER)

———————————————

J & J Sports Productions, Inc.,

Plaintiff,

versus

Marilyn Gonzalez and Rinconcito Dominicano, LLC,

Defendants.

———————————————

**REPORT & RECOMMENDATION**
**May 9, 2019**

———————————————

**To The Honorable Roslynn R. Mauskopf**
**United States District Judge**

**Ramon E. Reyes, Jr., U.S.M.J.:**

Plaintiff J & J Sports Productions, Inc. ("J & J") brings this action against Marilyn Gonzalez ("Gonzalez") and Rinconcito Dominicano, LLC ("Rinconcito Dominicano") (collectively, "Defendants") for alleged violations of the Federal Communications Act of 1934 (the "FCA"), codified as amended, 47 U.S.C. §§ 605 *et seq.* and 553 *et seq.* (Dkt. No. 1 ("Compl.") ¶ 1). Gonzalez moves to dismiss J & J's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 11, 26). Your Honor referred the motion to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Order dated 8/01/2018). For the reasons stated herein, I respectfully recommend that the Court grant Defendant Gonzalez's motion to dismiss.

## BACKGROUND[1]

### I.  Factual Background

Plaintiff, a California corporation, is a commercial distributor and licensor of sporting events. (Compl. ¶¶ 6, 18). Pursuant to contract, Plaintiff held the exclusive rights to distribute the closed-circuit telecast of the November 5, 2016, professional boxing match between Jessie Vargas and Manny Pacquiao (the "Program"). (*Id.* ¶ 16). Plaintiff's rights under this agreement

---

[1] The facts are drawn from Plaintiff's Complaint and are deemed to be true for purposes of this Rule 12(b)(6) motion. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

allowed J & J to enter into subsequent sublicensing agreements with commercial entities to exhibit the Program. (*Id*. ¶ 17). J & J alleges that Rinconcito Dominicano, a commercial establishment in Staten Island, New York, did not enter into such a sublicensing agreement, but instead used an illegal method to broadcast the Program. (*Id*. ¶¶ 7, 11).

Rinconcito Dominicano holds a New York State Liquor Authority-issued License that lists Defendant Marilyn Gonzalez as the "principal" and "owner" of the establishment. (*Id*. ¶ 12). Relying on this one fact, J & J contends that Gonzalez "had the right and ability to supervise the activities" of Rinconcito Dominicano when the alleged infringement occurred. (*Id*. ¶ 9). J & J also relies on this one fact to allege that Gonzalez "specifically directed or permitted [her] employees . . . to unlawfully intercept and broadcast Plaintiff's Program" to patrons at Rinconcito Dominicano, and that she had "an obvious and direct financial interest in the activities." [2] (*Id*. ¶¶ 10–11).

## II. Procedural Background

On April 19, 2018, J & J commenced this suit against Gonzalez, in her individual capacity and d/b/a Rinconcito Dominicano,

and Rinconcito Dominicano. (Compl. ¶ 1). J & J properly served Gonzalez and Rinconcito Dominicano on May 1, 2018, and May 11, 2018, respectively. (Dkt. Nos. 6–7). On June 22, 2018, Gonzalez, proceeding pro se, moved to dismiss the Complaint with respect to her individual liability. [3] (Dkt. Nos. 11, 18). Your Honor referred the motion and all issues relating to the motion to me on August 1, 2018. [4]

On September 19, 2018, I held a pre-motion conference and granted Gonzalez leave to file her Rule 12(b)(6) motion. (Dkt. Entry 9/19/2018). On October 5, 2018, Plaintiff's counsel filed a joint letter informing the Court that Gonzalez wished to go forward with discovery in lieu of filing a motion. (Dkt. No. 23). I approved of the parties' proposed scheduling plan on October 10, 2018. (Order dated 10/10/2018).

Gonzalez subsequently wrote to the Court rescinding her decision to proceed with discovery, and asked that her original motion to dismiss, filed on June 22, be reinstated. (Dkt. No. 26). She explained that after meeting with the City Bar Justice Center's Pro Se Legal Assistance Project, she better understood the advantages of proceeding with the motion to dismiss rather than moving forward with discovery. (*Id*.).

---

[2] Unlike other suits it has brought in this District, J & J has not disclosed the source of its information. *See, e.g., J & J Sports Prods., Inc. v. Mar y Las Estrellas Rest. Corp.*, 17-CV-1190 (MKB) (ST), 2018 WL 4583489, at *2 (E.D.N.Y. Sept. 25, 2018) (J & J hired an investigator to gather evidence against defendant on night of broadcast).

[3] Gonzalez's motion is made on behalf of herself only and not on behalf of Rinconcito Dominicano. A corporation may only appear in court through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *see also Trans Atl. Airlines, Inc. v. Kambi*

*Travel Int'l*, 2006 WL 559111, at *1 (S.D.N.Y. Mar. 6, 2006) (declining to consider motion to dismiss made on behalf of corporate defendant appearing *pro se*).

[4] Gonzalez originally filed a 12(b)(6) on June 22, 2018. (Dkt. No. 11). Your Honor terminated this motion for Gonzalez's failure to comply with Individual Rule III.A2, which requires a pre-motion conference prior to filing a dispositive motion. (Order dated 6/25/2018). Gonzalez then filed a motion for a pre-motion conference on July 20, 2018, (Dkt. No. 18), and Your Honor referred the motion and all related issues to me. (Order dated 8/1/2018).

In light of my review of the docket sheet and proceedings, and upon further reflection, I stayed discovery and ordered Plaintiff's counsel to respond to Gonzalez's motion to dismiss. (Order dated 2/1/2019). J & J complied and filed its opposition on February 8, 2019. (Dkt. Nos. 27–28).

J & J opposes Gonzalez's motion for three reasons: first, the motion does not cite to any legal authority; second, the motion is "nothing but a string of conclusions and denials of liability"; and third, J & J has alleged enough facts within its Complaint to establish Gonzalez's individual liability and survive a Rule 12(b)(6) motion. (Dkt. No. 27). I address each of these arguments below.

## DISCUSSION

I.    Sufficiency of Gonzalez's Rule 12 (b)(6) Motion

Where a defendant moves to dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant bears the burden of demonstrating that "'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cty. of Suffolk, New York v. Simpson*, No. 05-CV-0715 (JS) (MLO), 2005 WL 8159886, at *2 (E.D.N.Y. Dec. 12, 2005) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)) (internal citations omitted). If the motion is drafted by a pro se litigant, the papers "must be 'liberally construed' in favor of that party and are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Wilson v. Austin*, No. 11-CV-4594 (SJF) (GRB), 2012 WL 3764512, at *2 (E.D.N.Y. June 25, 2012) (quoting *Peirez Ackerman & Levine v. Starr*, 1994 WL 48811, at *1

(S.D.N.Y. Feb. 17, 1994)) (internal quotations and citations omitted).

While a court has an obligation to interpret a pro se litigant's motion "'to raise the strongest arguments [it] suggest[s],' it still must require that a defendant comply with the relevant procedural and substantive law." *McDonald v. Elkholy*, No. 16-CV-2201 (AMD) (LB), 2017 WL 3503385, at *2 (E.D.N.Y. July 27, 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)) (internal quotations and citations omitted). In terms of procedural requirements, Rule 12(b)(6) does not require citations to legal authority. *DeMeo v. Santangelo*, No. 10-CV-2276 (NGG) (JO), 2011 WL 1322364, at *3 (E.D.N.Y. Mar. 1, 2011), *R & R adopted*, 2011 WL 1253644 (Mar. 31, 2011).; *cf. O'Neal v. Spota*, 744 F. App'x 35, 36 (summary order) (finding pro se appellant's citation to authorities procedurally necessary where required by plain language of Fed. R. App. P. 28(a)). In terms of substance, the movant must advance more than "blanket denials" of factual allegations; such denials will not qualify as a motion to dismiss for failure to state a claim, because on a Rule 12(b)(6) motion the court must accept all factual allegations as true. *Wilson*, 2012 WL 3764512, at *2; *see also Simpson*, 2005 WL 8159886, at *2 ("Mere disagreement with the facts alleged in a complaint, however, is not a sufficient predicate for a motion to dismiss."). Gonzalez's motion is both procedurally and substantively sufficient.

The first page of Gonzalez's letter motion states that she moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11 at 1). Since Rule 12(b)(6) does not require citation to authority, J & J's first argument fails to

demonstrate the insufficiency of Gonzalez's motion. Furthermore, Gonzalez has complied with all other procedural requirements in moving to dismiss the Complaint.

As to J & J's argument attacking the substance of Gonzalez's motion, I find that Gonzalez puts forth more than a "mere disagreement with the facts." *Simpson*, 2005 WL 8159886, at *2. "Mere disagreement" would resemble "an answer containing denials." *Id*. Gonzalez, however, clearly states in her motion to dismiss that J & J's allegations based upon information and belief alone are not sufficient to prove liability, and even if the Court were to admit allegations based on information and belief, J & J still fails to plead requisite information to hold Gonzalez liable. (*See* Dkt. No. 11 at 2).

Courts within this district have disagreed on whether similar allegations based upon information and belief are sufficient to hold an individual liable under the FCA. *Compare Premium Sports, Inc. v. Mendes*, No. 17-CV-1309 (PKC) (CLP), 2018 WL 2078488, at *1 n.4 (E.D.N.Y. Mar. 1, 2018), *R & R adopted* (Mar. 16, 2018) (finding no need to consider allegations based solely upon information and belief, even in context of default judgment, where all well-pleaded allegations must be accepted as true) *and Kingvision Pay-Per-View Ltd. v. Los Mellizos Bar*, No. 06-CV-6251 (NG) (RER), 2007 WL 1703773, at *2 (E.D.N.Y. June 8, 2007) (finding allegations "derived [from] . . . 'information and belief' . . . do not constitute well-plead[ed] facts.") (internal citations omitted) *with J & J Sports Prods., Inc. v. Lovell*, No. 13-CV-4298 (CBA) (MDG), 2014 WL 4905351, at *3 (E.D.N.Y. Sept. 11, 2014), *R & R adopted*, 2014 WL 4952351 (Sept. 30, 2014) (finding allegations based upon information and belief are deemed

admitted in context of default judgment using 9th Circuit precedent). Regardless of this Court's decision on the matter, it is indisputable that Gonzalez advances a legal question: whether J & J has alleged sufficient facts to state a claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (setting out standard for complaint to survive motion to dismiss) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Furthermore, Gonzalez astutely points to another question of law routinely written on by courts in this District: has J & J alleged sufficient facts to establish that she, as a corporate officer, should be held vicariously liable for acts of the corporation? Gonzalez's shrewd identification of this issue is critical to the success of her motion. Bearing on the question of vicarious liability, Gonzalez recognizes in her motion that "the plaintiff also fails to state the amount of people at the event and if there was an entry-fee charged that helped benefit the restaurant." (Dkt. No. 11 at 3). As discussed in more detail below, these two factors have become crucial indicators for a finding of individual liability under the FCA. *See J & J Sports Prods., Inc. v. James*, No. 17-CV-5359 (NGG) (ST), 2018 WL 3850731, at *5 (E.D.N.Y. July 25, 2018), *R & R adopted*, 2018 WL 3848921 (Aug. 13, 2018).

Although Gonzalez did not cite to cases establishing this standard, a liberal construction of her motion undoubtedly reveals her pinpointing of a substantive legal

4

issue. [5] Accordingly, I find Gonzalez's motion substantively sufficient to merit this Court's review.

## II.   Sufficiency of J & J's Complaint

"'[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,' but mere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do,'; rather, the complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570).

J & J's Complaint alleges two causes of action against Gonzalez: violations of Section 605 and Section 553 of the FCA. Where the same set of facts is used to establish liability under both sections, "the law in this Circuit is clear that [the] plaintiff may recover under only one . . . ." *J & J Sports Prods., Inc. v. Leon*, No. 18-CV-2103 (PKC) (RML), 2019 WL 1320277, at *3 (E.D.N.Y. Mar. 22, 2019) (quoting *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 114 (E.D.N.Y. 2011)) (internal quotation marks omitted). Section 605(a) of the FCA states in relevant part: "[n]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such

intercepted communication to any person." 47 U.S.C. § 605(a). "Section 605(a) … has been held applicable to thefts of cable communications, provided that the cable programming originated as a radio communication." *Entertainment by J & J, Inc. v. Mama Zee Restaurant & Catering Services, Inc.*, No. 01-CV-3945 (RR) (SMG), 2002 WL 2022522, at *2 (E.D.N.Y. May 21, 2002), *R & R adopted* (Order dated June 24, 2002). Section 553(a)(1) states: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).

For an individual corporate officer to be held liable for a company's infringement, a plaintiff may rely on "the theories of 'contributory' or 'vicarious liability.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997)); *see J & J Sports Prods., Inc. v. Ahuachapan Corp.*, No. 17-CV-1184 (LDH), 2019 WL 1274693, at *2 (E.D.N.Y. Mar. 20, 2019) (stating that FCA theories of liability are drawn from copyright context; collecting

---

[5] Additionally, despite J & J's contention that Gonzalez "makes no legal argument," J & J points to an argument Gonzalez makes in the conclusion of her motion: "'In order to establish individual liability the complaint must allege that on the night in question, I was physically present at the location of the alleged unlawful violation . . ..'" (Dkt. No. 27 at 3 (quoting

Dkt. No. 11 at 4)). J & J then proceeds to cite to cases which examine this question of law, further supporting the sufficiency of Gonzalez's motion. (*See* Dkt. No. 27 at 3).

cases). J & J's Complaint seeks to hold Gonzalez liable under both theories.[6]

For purposes of evaluating Gonzalez's individual liability, the Court must proceed as if J & J has already established Rinconcito Dominicano's corporate liability; "an individual defendant cannot be held liable unless there is an underlying violation." *J & J Sports Prods., Inc. v. Abdelraouf*, No. 18-CV-2547 (ARR) (VMS), 2019 WL 457719, at *5 (E.D.N.Y. Feb. 5, 2019).[7]

### 1. Pleading "Upon Information and Belief"

As an initial matter, Gonzalez challenges the sufficiency of J & J's allegations that are based upon information and belief. (Dkt. No. 11 at 2–3; *see* Compl. ¶¶ 9–14). Pleadings based upon information and belief are not necessarily deficient; where facts are "peculiarly within the possession and control of the defendant," or the complaint contains enough information to plausibly infer liability for the alleged illegal conduct, *factual* allegations based upon information and belief suffice. *Arista Records, LLC*, 604 F.3d at 120; *see also C. Wright et al., Fed. Prac. & Proc.* § 1224 (3d ed. April 2019 update) ("Although there is no express authorization in the federal rules for pleading on information and belief, allegations in this form have been held to be permissible."). The words, however, are not magic; a plaintiff cannot "plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). Although the Court recognizes that three or four years ago such allegations could suffice to show liability,[8] I find the numerous recent opinions disavowing this practice persuasive and consistent with the Supreme Court's pleading standards set forth in *Iqbal*. *See, e.g.*, *Leon*, 2019 WL 1320277, at *5 (quoting *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.")).

With the exception of one fact, J & J's claims against Gonzalez are made up entirely of legal conclusions. (*see* Compl. ¶¶ 9–14). J & J alleges, based upon information and belief, that Gonzalez: (1) "specifically directed or permitted the employees of Rinconcito Dominicano to unlawfully intercept and broadcast Plaintiff's Program at Rinconcito Dominicano; or (2) intentionally intercepted; and/or (3) published the Program at Rinconcito Dominicano herself." (Compl.

---

[6] Although the Complaint does not explicitly mention that Plaintiff seeks to hold Gonzalez liable on a theory of contributory or vicarious infringement, the Complaint recites the legal standards for both.

[7] The Court in *Abdelraouf* recently held that the stock language Plaintiff's counsel uses in the Complaint is insufficient to establish liability against a corporation. *Id.* at *4 (finding that violations of Sections 605 and 553 require allegation that program originated as radio or satellite transmission, and allegation that defendants engaged in "unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition" will not suffice); (*see* Compl. ¶ 19). I reserve decision on the issue of corporate liability to allow J & J an opportunity to be heard.

[8] *See, e.g., J & J Sports Prods., Inc. v. Can's Bar & Grill*, No. 14-CV-3609 (ADS) (AYS), 2015 WL 3605662, at *3 (E.D.N.Y. June 3, 2015); *J & J Sports Prods., Inc. v. Big Daddy's Theme Place*, No. 14-CV-2765 (JG) (JMA), 2015 WL 58606, at *3 (E.D.N.Y. Jan. 5, 2015); *Joe Hand Prods. v. Zafanloo*, 12-CV-3828 (RRM) (RER), 2014 WL 1330842, at *2 (E.D.N.Y. Apr. 1, 2014).

¶ 11). J & J also alleges upon information and belief: (1) "Gonzalez had the right and ability to supervise the activities of Rinconcito Dominicano"; and (2) "had an obvious and direct financial interest in the activities of Rinconcito Dominicano." Instead of plopping the words "upon information and belief" in front of facts, J & J plops these words in front of the legal elements the Court would hope to establish through J & J's well-pleaded facts. *See Kingvision Pay-Per-View, Ltd.*, 2007 WL 1703773, at *2 (holding that allegations of ownership, supervisory capacity, and financial benefit do not constitute well-pleaded facts, even when based upon information and belief).

Without accepting these legal conclusions as true, J & J's allegations hinge on Gonzalez's "acknowledged responsibility for the operation of Rinconcito Dominicano," (Compl. ¶ 11; *see id.* ¶ 12), and her designation as "principal" on the New York State Liquor Authority-issued license for Rinconcito Dominicano. (*Id.* ¶ 8). The Court accepts as true that Gonzalez is a principal or owner of the establishment for purposes of this motion to dismiss, yet the question remains whether this fact is enough to hold Gonzalez liable for Rinconcito Dominicano's alleged infringement.

## 2. *Effect of Ownership on Individual Liability*

Under the FCA, officers and directors are "generally not liable for the tortious acts of the corporation 'unless they participate in or have knowledge of such acts.'" *J & J Sports, Prods., Inc. v. Shots Pool Hall, Inc.*, No. 16-CV-5067 (RRM) (SMG), 2018 WL 1115915, at *2 (E.D.N.Y. Feb. 6, 2018) (quoting *Garden City Boxing Club, Inc. v. Paquita's*

*Café, Inc.*, 2007 WL 2783190, at *2 (S.D.N.Y. Sept. 26, 2007)).

i.    Contributory Liability

Contributory liability applies where a corporate officer "authorized the infringing use." *Id.* (quoting *Softel, Inc.*, 118 F.3d at 971) (brackets and internal citations omitted); *see also James*, 2018 WL 3850731, at *4. To establish contributory infringement under Section 605 or Section 553, J & J must demonstrate that Gonzalez is, in fact, "principal" or "owner" of Rinconcito Dominicano, and that she authorized the allegedly unlawful broadcast of the Program. *See Joe Hand Promotions, Inc. v. Bernal*, No. 18-CV-85 (ILG) (SJB), 2019 WL 885930, at *3 (E.D.N.Y. Feb. 22, 2019) (finding contributory liability where plaintiff's complaint alleged defendant "exercised control over the premises, was present during the exhibition, and authorized the exhibition").

As discussed above, this Court accepts the well-pleaded fact that Gonzalez was a corporate officer of Rinconcito Dominicano. However, it is illogical for the Court to accept that merely because of Gonzalez's corporate officer status she acted to authorize the alleged infringement of the Program. *See Ahuachapan Corp.*, 2019 WL 1274693, at *3 n.5 (acknowledging that plaintiff must show individual defendant had something to do with decision to display program to establish contributory liability); *James*, 2018 WL 3850731, at *5 (dismissing claim of contributory liability where plaintiff failed to offer evidence that defendant authorized illegal broadcast). J & J does not allege that Gonzalez had anything to do with showing the Program at Rinconcito Dominicano, and "being an officer or director does not

necessarily imply the authority to direct an infringement." *Id.* at \*4.

Without factual support, the Court cannot accept J & J's conclusory allegation that Gonzalez "specifically directed or permitted the employees" of Rinconcito Dominicano to unlawfully broadcast the Program. (Compl. ¶ 11).

### ii.    Vicarious Liability

Where it is difficult to demonstrate an officer's direct involvement in the infringing activity, a plaintiff may hold an individual vicariously liable under the FCA. Vicarious liability requires that a corporate officer had a 'right and ability to supervise [that] coalesce[d] with an obvious and direct financial interest in the exploitation . . . .'" *James*, 2018 WL 3850731, at \*4. There is "no requirement that a corporate officer have authorized the infringement." *Ahuachapan Corp.*, 2019 WL 1274693, at \*3.

In recent years, courts in this District have routinely found the fact that an individual's name appears on a liquor license inadequate, by itself, to establish vicarious liability.[9] *See Leon*, 2019 WL 1320277, at \*5; *J & J Sports Prods., Inc. v. Orellana*, 18-CV-2052 (KAM) (VMS), 2019 WL 1177719, at \*4 (E.D.N.Y. Mar. 13, 2019); *J & J Sports Prods., Inc. v. Brown*, No. 18-CV-2489 (RJD) (ST), 2019 WL 612225, at \*3 (E.D.N.Y. Jan. 10, 2019), *R & R adopted*, 2019 WL 591544 (Feb. 13, 2019).; *J & J Sports Prods., Inc. v. La Parranda Mexican

*Bar*, No. 18-CV-2622 (NGG) (RML), 2018 WL 6716095, at \*3 (E.D.N.Y. Dec. 21, 2018); *Mar y Las Estrellas Rest. Corp.*, 2018 WL 4583489, at \*4–5; *J & J Sports Prods., Inc. v. J & O LLC*, No. 17-CV-4180 (ARR) (ST), 2018 WL 3991493, at \*4 (E.D.N.Y. Aug. 21, 2018); *J & J Sports Prods., Inc. v. Bleachers 67 Inc.*, No. 17-CV-3380 (NG) (CLP), 2018 WL 2048367 (E.D.N.Y. May 2, 2018), *R & R adopted*, 2018 WL 2022165 (Mar. 2, 2018); *J & J Sports Prods., Inc. v. El Sonador Café Rest. Inc.*, No. 17-CV-3357 (ILG), 2017 WL 6397731, at \*3 n.2 (E.D.N.Y. Dec. 14, 2017); *J & J Sports Prods., Inc. v. Los Toritos Bar Rest. Inc.*, No. 15-CV-6517 (SJ) (ST), 2017 WL 4838819, at \*4 (E.D.N.Y. Sept. 11, 2017), *R & R adopted*, 2017 WL 4838758 (Oct. 24, 2017); *LX Food Grocery Inc.*, 2016 WL 6905946, at \*3; *J & J Sports Prods., Inc. v. El Ojo Aqua Corp.*, No. 13-CV-6173 (ENV) (JO), 2014 WL 4700014, at \*4 (E.D.N.Y. Aug. 29, 2014).

Within these opinions is disagreement as to whether a liquor license is enough to establish the first prong of the vicarious liability standard: "a right and ability to supervise the company's activities." *J & O LLC*, 2018 WL 3991493, at \*3; *compare id.* (designation on liquor license may show general responsibility to supervise, but it "reveals no specific info about the role that [an] individual may have played") *and Orellana*, 2019 WL 1177719, at \*4 (designation on liquor license does not establish supervisory role over infringing activities) *with J & J Sports, Inc. v. Crazy*

---

[9] The Court recognizes opinions in this District that have found this allegation, on its own, sufficient to establish the two prongs of vicarious liability. *See J & J Sports Prods., Inc. v. His & Hers Bar & Lounge*, No. 17-CV-4181 (ADS) (GRB), 2018 WL 4925706, at \*5 (E.D.N.Y. Aug. 31, 2018); *G & G Closed Circuit Events v. Carlos Laura Corp.*, No. 15-CV-3712

(DRH) (ARL), 2017 WL 933087, at \*2 (E.D.N.Y. Feb. 16, 2017), *R & R adopted*, 2017 WL 933082 (Mar. 8, 2017); *J & J Sports Prods., Inc. v. El Coyote Carpau, Inc.*, No. 14-CV-3642 (PKC), 2014 WL 5147629 (E.D.N.Y. Oct. 14, 2014). However, I find the numerous opinions declining to find liability based upon this one fact, cited above, more persuasive.

*Willy's Bar, Lounge & Rest. Inc.*, 2018 WL 3742701, *3 (E.D.N.Y. June 28, 2018) (designation on liquor license demonstrates right and ability to supervise infringing activities). Even if this Court accepted that Gonzalez's designation as "owner" or "principal" gave her a general right and ability to supervise the activities of Rinconcito Dominicano, however, her designation on the liquor license alone fails to establish the second prong: Gonzalez's "obvious and direct financial interest" in the infringing activity. *La Parranda Mexican Bar*, 2018 WL 6716095, at *3 (quoting *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963)).

"In the context of unlicensed broadcasting of pay-per-view events, courts in this jurisdiction have held repeatedly that the mere presence of an individual defendant's name on a liquor license is insufficient to establish an 'obvious and direct financial interest [in the infringing activity].'" *J & J Sports Prods., Inc. v. 88-18 Tropical Rest. Corp.*, No. 17-CV-2620 (DLI) (RER), 2018 WL 1701942, at *3 (E.D.N.Y. Mar. 30, 2018) (brackets added). Instead, a financial interest may be established through evidence of a cover charge or numerous patrons who presumably would purchase food and drinks. *See James*, 2018 WL 3850731, at *5 (collecting cases). In recent cases imposing vicarious liability, the plaintiff has included at least one of these facts. *See James*, 2018 WL 3850731, at *6; *Ahuachapan Corp.*, 2019 WL 1274693, at *3; *J & J Sports Prods., Inc. v. Boyd*, No. 2:17-CV-6822 (ENV) (AYS), 2018 WL

7113870, at *3 (E.D.N.Y. Nov. 16, 2018); *J & J Sports v. Guncay*, No. 18-CV-2097 (FB) (RML), 2018 WL 6313210, at *3 (E.D.N.Y. Oct. 17, 2018) (collecting cases). J & J alleges no such facts, which Gonzalez highlights in her motion to dismiss. (Dkt. No. 11 at 3). Since Gonzalez's designation on the liquor license is the only non-boilerplate allegation in J & J's Complaint, J & J fails to establish Gonzalez's vicarious liability. J & J similarly fails to establish Gonzalez's contributory liability and as such, she cannot be held individually liable for Rinconcito Dominicano's infringing activity.[10]

III.    Leave to Amend

If the Court finds that J & J has failed to establish Gonzalez's individual liability, J & J seeks leave to amend its Complaint. (Dkt. No. 27 at 5). Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). However, several factors weigh against granting J & J leave to amend.

First, "[p]laintiff has not identified a single new fact that [it] intends to plead" if the Court were to grant it leave to amend. *J & O LLC*, 2018 WL 3991493, at *5 (quoting *Huelbig v. Aurora Loan Servs., LLC,* 2011 WL 4348281, at *4 (S.D.N.Y. May 18, 2011), *R & R adopted*, 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011) (internal quotations omitted; alteration in original)). J & J has been on notice for over a decade that its complaints should contain "adequately detailed allegations . . . , beyond the conclusory and vague charge of mere ownership of the offending entity." *J & J*

---

[10] J & J fails to establish Gonzalez's liability under Section 553 for the same reasons that its claims under Section 605 fail; J & J's bare, conclusory allegations are insufficient to infer Gonzalez's

participation or authorization in the infringing activity, or that she had an "obvious and direct financial interest" in the activity. *See Los Toritos Bar*, 2017 WL 4838819, at *4 n.7.

*Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469 (E.D.N.Y. 2009); *see J & J Sports Prods., Inc. v. Nest Rest. & Bar Inc.*, No. 17-CV-2194 (RJD) (VMS), 2018 WL 4921657, at *6 (E.D.N.Y. July 17, 2018), *R & R adopted*, 2018 WL 4356724 (Sept. 12, 2018). J & J alleges that it will attempt to "correct those purported defects" that the Court identifies. (Dkt. No. 27 at 5). However, it is J & J's responsibility, not the Court's, to "adduce an adequate basis" for asserting individual liability and it has not done so. *291 Bar & Lounge*, 648 F.Supp.2d at 473 n.2 (noting that lack of discovery does not allow plaintiffs to "dispense with ordinary pleading requirements").

Not only did J & J have more than ample notice to initially file a sufficient complaint, J & J also had an opportunity to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) after service was made. Fed. R. Civ. P. 15(a)(1). "Where a plaintiff 'had the opportunity to amend [its] Complaint' at an earlier time and 'there is no indication that amendment would not be futile,' a court has the discretion to 'deny leave to amend.'" *J & O LLC*, 2018 WL 3991493, at *5 (quoting *Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317, 326 (S.D.N.Y. 2016) (alteration in original;

internal quotations omitted)). Therefore, I recommend that the Court deny Plaintiff's request to amend its Complaint.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant Gonzalez's Rule 12(b)(6) motion and deny Plaintiff's request to amend its Complaint.

Any objections to the recommendations made in this Report must be filed with the clerk of the court and the Honorable Roslynn R. Mauskopf within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.

United States Magistrate Judge


Dated: May 9, 2019

Brooklyn, NY

10