UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 18-CV-2319 (RRM) (RER)

———————————

J & J Sports Productions, Inc.,

Plaintiff,

versus

Rinconcito Dominicano, LLC,

Defendant.

———————————

**REPORT & RECOMMENDATION**

June 24, 2021

———————————

**To The Honorable Roslynn R. Mauskopf
United States District Judge**

**Ramon E. Reyes, Jr., U.S.M.J.:**

Your Honor has referred to me a motion for default judgment in this action for pirating the satellite broadcast of the November 5, 2016, professional boxing match between Jessie Vargas and Manny Pacquiao (the "Event") in violation of 47 U.S.C. §§ 553 and 605. (Order dated 04/08/2021; *see also* Dkt. No. 43 ("Am. Compl.") ¶¶ 1, 19–28; Dkt. No. 48 ("Default Mot.")). Plaintiff J & J Sports Productions, Inc. ("J & J" or "Plaintiff") seeks $24,000 in statutory and enhanced damages, plus "pre- and post-judgment interest at the federal statutory rate" against defendant Rinconcito Dominicano, LLC ("Rinconcito" or "Defendant") pursuant to 47 U.S.C. § 605.[1] (Default Mot. ¶¶ 5–6). For the following reasons, I respectfully recommend that Plaintiff's motion be granted in part, and default judgment be entered against Rinconcito in the amount of $4,000, plus reasonable attorneys' fees and costs to be determined at a later date. Plaintiff should be given thirty days to submit a properly supported application for fees and costs.

**DISCUSSION**

For the sake of brevity, and given Your Honor's thorough familiarity with the facts[2]

---

[1] Although this action was brought pursuant to 47 U.S.C. § 553 and § 605, Plaintiff seeks damages only pursuant to § 605.

[2] Your Honor previously granted individual defendant Marilyn Gonzalez's motion to dismiss upon my report and recommendation, and denied J & J leave to replead its claims against her. (Dkt. No. 33).

1

and applicable law,[3] I will dispense with a protracted discussion of each, except as necessary to explain my recommendation. Suffice it to say that I have carefully reviewed the Amended Complaint, the record, and Plaintiff's motion for default judgment, and find that a default judgment against Rinconcito is in order.

I. Liability

Plaintiff has satisfied the requirements of Rule 55 of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(c).[4] Given the entry of default, all well-pleaded allegations are accepted as true, except as to damages. *E.g., Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

The Amended Complaint alleges that broadcast of the Event "originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal," thereby establishing that the interception, receipt, and transmission of the Event derived from satellite communications. (Am. Compl. ¶ 24). Plaintiff further established that it had an exclusive license to distribute the Event in New York, (*id*. ¶ 19), and that Rinconcito did not pay a licensing fee to Plaintiff to broadcast the Event, (*id.* ¶ 28). Further, J & J established that Rinconcito exhibited the Event on two television screens to ten patrons. (*Id*. ¶ 26). Because the Court must draw all reasonable inferences in Plaintiff's favor, I conclude that Rinconcito exhibited the Event without a license, and therefore liability is established under § 605. *See* 47 U.S.C. § 605(a) ("No person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person . . . ."); *see also, e.g.*, *J&J Sports Prods., Inc. v. Dang*, No. 19-CV-5112 (ARR) (RER), 2020 WL 6364898, at *2 (E.D.N.Y. Oct. 13, 2020), *adopted by* 2020 WL 6363905 (Oct. 29, 2020); *J & J Sports Prods., Inc. v. J & O LLC*, No. 17-CV-4180 (ARR) (ST), 2018 WL 4522098, at *4 (E.D.N.Y. July 25, 2018) (citing *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016)), *adopted by* 2018 WL 3991493 (Aug. 21, 2018).

At this point, the only question is what are the damages to which J & J is entitled.

II. Damages

Plaintiff seeks an award of $6,000 in statutory damages, $18,000 in enhanced damages, plus an unspecified amount for pre- and post-judgment interest, and attorney's fees and costs. (Default Mot. ¶ 5). For the

---

[3] *E.g., J&J Sports Prods., Inc. v. Gonzalez*, No. 18-CV-2319 (RRM) (RER), 2019 WL 4888635 (E.D.N.Y. Sep. 30, 2019) (adopting R. & R.); *J&J Sports Prods., Inc. v. Shots Pool Hall, Inc.*, No. 16-CV-5067 (RRM) (SMG), 2018 WL 1116551 (E.D.N.Y. Feb. 27, 2018) (adopting R. & R.); *J & J Sports Prods., Inc. v. Morleys Tavern, Inc.*, No. 13-CV-5211 (RRM) (CLP), 2014 WL 4075162 (E.D.N.Y. Aug. 15, 2014) (adopting R. & R.); *J & J Sports Prods., Inc. v. Roti on the Run, Corp.*, No. 11-CV-2144 (RRM) (MDG), 2012 WL 4866639 (E.D.N.Y. Oct. 15, 2012) (adopting R. & R. in part, rejecting in part); *J & J Sports Prods., Inc. v. Palm Tree Sports Bar, Inc.*, No. 09–CV–5350 (RRM) (MDG), 2011 WL 1134180 (E.D.N.Y. Mar. 28, 2011) (adopting R. & R.).

[4] Plaintiff has satisfied Rule 55's two-step procedure for obtaining a default judgment: 1) entry of default by the Clerk of the Court, and 2) filing a motion for default judgment. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011); (Dkt. Nos. 35, 48). Plaintiff has satisfied Local Civil Rule 55.2(c) by mailing a copy of the motion and supporting documents to Defendants at their last known addresses. *See* Local Civil Rule 55.2(c); (Default Mot. at 4).

2

reasons stated below, I respectfully recommend that Plaintiff's motion be granted in part and that Plaintiff be awarded $2,000 in statutory damages and $2,000 in enhanced damages.

A. Statutory Damages

The Court has the discretion to award statutory damages within the range of $1,000 to $10,000 for each violation. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II).

Courts utilize two methods to determine statutory damages for violations of § 605—a "flat fee" or a "per person" calculation. *E.g., J & J Sports Prods., Inc. v. El Sonador Café Rest. Inc.*, No. 17-CV-3357 (ILG) (JO), 2017 WL 6397731, at *4 (E.D.N.Y. Dec. 14, 2017); *Emily Bar Rest. Inc.*, 2016 WL 6495366, at *2. The "flat-fee" method awards the plaintiff a fixed amount based on the fee that the defendant would have paid to legally broadcast the event at the defendant's establishment. *E.g., El Sonador Café*, 2017 WL 6397731, at *4. The "per person" method awards the plaintiff damages equal to the product of the number of patrons present at the establishment during the airing of the event multiplied by the fee each individual would have had to pay had they purchased the event for viewing at their own home. *See id*. Courts tend to award whichever of the two methods yields the higher amount. *E.g., J & O*, 2018 WL 3991493 at *5; *J & J Sports Prods., Inc. v. Johnny's Rest.*, No. 15-CV-6645 (NG) (SLT), 2016 WL 8254906, at *5 (E.D.N.Y. Dec. 15, 2016), *adopted by* 2017 WL 591143 (Feb. 14, 2017).

Here, Plaintiff does not provide the per person rate, and the Court is left to speculate thereon. Given the speculative nature of the per person calculation of statutory damages, I respectfully recommend that the Court award damages based on the flat-fee method.

To calculate flat-fee damages, Plaintiff alleges in an affidavit in support of its default motion that an establishment the size of Rinconcito would have to pay $2,000 to broadcast the Event based on the applicable "rate card." (Dkt. No. 48-2, ¶ 8, Ex. 2).[5] Accordingly, flat-fee damages based on the rate card for an establishment with a capacity of less than one hundred persons would be $2,000.00. (Dkt. No. 48-2, Ex. 2).

Relying on several out-of-district cases, Plaintiff argues that the Court should not use either the flat-fee or per-person method for calculating statutory damages as those methods undervalue the Event, fail to adequately compensate Plaintiff, and understate the seriousness of Defendants' conduct. (Dkt. No. 48-1 ("Pl.'s Mem.") at 6–8). Instead, J & J argues that the Court should employ a multiplier of three times the flat-fee and award $6,000 in statutory damages. (*Id.* at 8). Plaintiff's argument is contrary to the weight of the case law in this District which pegs statutory damages to either the per person rate or flat-fee method. *See, e.g.*, *J & J Sports Prods., Inc. v. Orellana*, No. 18-CV-2052 (KAM) (VMS), 2019 WL 1177719, at *5 (E.D.N.Y. Mar. 13, 2019). Accordingly, I reject Plaintiff's reliance on those cases and respectfully recommend that Plaintiff be awarded statutory damages of $2,000.

B. Enhanced Damages

Under § 605(e)(3)(C)(ii), when the infringement "was committed willfully" the Court may use its discretion to award enhanced damages "by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff requests

---

[5] In the Amended Complaint, however, J & J alleges the appropriate fee is $1,400. (Am. Compl. at ¶ 28).

3

an enhanced damages award of $18,000, an amount equal to three times the requested $6,000 in statutory damages. (Pl.'s Mem. at 10).

Many courts in this District have concluded that intercepting and broadcasting a televised event without permission constitutes willful conduct under § 605(e)(3)(C)(ii). *E.g., Emily Bar Rest.*, 2016 WL 6495366, at *3 ("The broadcast of an event without authorization is a deliberate act, and thus establishes willfulness."); *Traffic Sports USA v. La Camisa Negra Rest. & Bar Corp.*, No. 11-CV-1475 (ARR) (RLM), 2012 WL 3064129, at *5 (E.D.N.Y. May 23, 2012) (explaining that unauthorized broadcasting of an event in conjunction with the operation of a commercial establishment establishes willful conduct), *adopted by* 2012 WL 3065523 (E.D.N.Y. July 27, 2012). Here, the evidence suggests that Rinconcito acted willfully by deliberately intercepting and televising the Event on two television screens for an audience of approximately ten customers. (*See* Am. Compl. at ¶ 26; Dkt. No. 48-3 at 1).

To determine whether such willful conduct warrants an award of enhanced damages under § 605(e)(3)(C)(ii), courts in this District typically consider, among other things, whether "there is evidence of (i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." *J & J Sports Prods., Inc. v. Big Daddy's Theme Palace, Inc.*, No. 14-CV-2765 (JG) (JMA), 2014 U.S. Dist. LEXIS 179281, at *9 (E.D.N.Y. Dec. 12, 2014), *adopted by* 2015 U.S. Dist. LEXIS 431 (Jan. 5, 2015). Plaintiff has not established that any of these factors exist. (*See generally* Pl.'s Mem. at 6–10). "However, even in cases such as this one where none of these five factors militates in favor of awarding enhanced damages, courts in our Circuit have awarded 'enhanced damages as a deterrent to the problem of persistent signal piracy and to compensate Plaintiff for intangible losses such as business investment, business opportunities, reputation, and goodwill.'" *J & J Sports Prods. v. Brown*, No. 18-CV-2489 (RJD) (ST), 2019 WL 612225, at *5 (E.D.N.Y. Jan. 10, 2019) (citing cases), *adopted by* 2019 WL 591544 (Feb. 13, 2019). I find that merely awarding J & J the amount of the sublicensing fee as statutory damages would insufficiently deter future signal piracy and insufficiently compensate J & J for its intangible losses. I therefore respectfully recommend that J & J be awarded enhanced damages in the amount of $2,000, which is equal to the award of statutory damages, for a total award of $4,000. Such an award sufficiently remedies Plaintiff's actual damages and provides a deterrent to future infringement in keeping with the purpose of the statute. *See J & J Sports Prod., Inc. v. Crazy Willy's Bar, Lounge & Rest., Inc.*, 17-CV-1192 (NGG) (RML), 2018 WL 3629595, at *7 (E.D.N.Y. July 31, 2018) (awarding enhanced damages equal to the statutory damages where there were no repeated violations, no cover charge, and no advertising); *J & J Sports Prods., Inc. v. Morleys Tavern, Inc.*, No. 13-CV-5211 (RRM) (CLP), 2014 WL 4065096, at *10 (E.D.N.Y. May 9, 2014) (awarding enhanced damages equal to the statutory damages), *adopted by* 2014 WL 4075162 (Aug. 15, 2014); *J & J Sports Prods., Inc. v. LDG Williams, LLC*, No. 11-CV-2145 (KAM) (ALC), 2011 WL 5402031, at *5 (E.D.N.Y. Nov. 7, 2011) (doubling the statutory award to account for willfulness).

4

C. Pre-Judgment Interest

Without argument, J & J also requests prejudgment interest. "Section 605 does not expressly provide for interest." *Emily Bar Rest.*, 2016 WL 6495366, at *4. Most courts in this District have denied an award of prejudgment interest on the grounds that statutory damages are "analogous to punitive damages in that they are designed to deter others from similar infringing activity." *Id.* at *3–4; *J & J Sports Prods., Inc. v. Palm Tree Sports Bar Inc.*, 09-CV-5350 (RRM) (MDG), 2011 WL 1153584, at *5 (E.D.N.Y. Mar. 8, 2011), *adopted by* 2011 WL 1134180 (Mar. 28, 2011); *J & J Sports Prods., Inc. v. La Ruleta, Inc.*, 11-CV-4422 (NGG) (VVP), 2012 WL 3764062, at *5 (E.D.N.Y. Aug. 7, 2012, *adopted by* 2012 WL 3764515 (Aug. 29, 2012); *J & J Sports Prods., Inc. v. Hot Shots, Inc.*, 09-CV-1884 (FB) (SMG) 2010 WL 3522809, at *2–3 (E.D.N.Y. Apr. 27, 2010 (declining to award prejudgment interest in light of the enhanced damages award for willfulness), *adopted by* 2010 WL 3523003 (Sept. 2, 2010). I therefore respectfully recommend that Plaintiff's application for prejudgment interest be denied.

D. Attorney's Fees and Costs

Section 605 requires the Court to award recovery of "full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *See* 47 U.S.C. § 605(e)(3)(B)(iii) ("The court . . . *shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." (emphasis added)). Here, although its motion seeks recovery of attorney's fees and costs, (Default Mot. ¶ 6), Plaintiff requests leave to submit a subsequent application for attorney's fees and costs within "30 days from entry of judgment," (*id.* ¶ 7). This Court has previously recommended that such a request be granted, "[a]lthough this is not efficient, and there is no reason why J & J could not have submitted a properly supported attorney's fees application along with its Default Motion." *Dang*, 2020 WL 6364898, at *6.

While this Court is loath to encourage piecemeal litigation, I respectfully recommend that this request be granted. J & J should be permitted thirty days to submit an adequately supported application for fees and costs. Nevertheless, Plaintiff should be warned that deficient fees and costs submissions as it has previously submitted to this Court in the past will be answered with a recommendation that they be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for default judgment be granted in part and denied in part and a judgment be entered in Plaintiff's favor against the Rinconcito for $4,000.00, plus reasonable attorneys' fees and costs to be determined at a later date. Plaintiff should be given thirty days to submit a properly supported application for fees and costs.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Roslynn R. Mauskopf within fourteen days. Failure to file timely objections may waive the right to appeal the District Court's final order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**RESPECTFULLY RECOMMENDED**

**/s/   Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge

5